**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

**NEDRA KING-CASEY,**
*Individually, and on behalf of herself*
*and others similarly situated,*

Plaintiff,

     v.                                                   No._____

**SPRINGHOUSE VILLAGE OF**                **FLSA Collective Action**
**COLLIERVILLE, LLC,**
*a Missouri Limited Liability Company,*      **JURY DEMANDED**
**SPRINGHOUSE VILLAGE OF**
**SPRINGFIELD, LLC,**
*a Missouri Limited Liability Company,*
**SPRINGHOUSE VILLAGE OF**
**FAYETTEVILLE, LLC,**
*a Missouri Limited Liability Company,* and
**SPRINGHOUSE VILLAGE EAST, LLC***,*
*a Missouri Limited Liability Company,*

Defendants.

---

**ORIGINAL COLLECTIVE ACTION COMPLAINT**

---

Plaintiff, Nedra King-Casey ("Plaintiff"), on behalf of herself, individually, and on behalf of herself and others similarly situated as a class, files this Collective Action Complaint, averring as follows:

## I. INTRODUCTION

1.    This is a collective action for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA") brought against Springhouse Village of Collierville, LLC, Springhouse Village of Springfield, LLC, Springhouse Village of Fayetteville, LLC

and Springhouse Village East, LLC ("Defendants") on behalf of Plaintiff Nedra King-Casey, individually, and on behalf of herself and other similarly situated certified nursing assistants ("CNAs") as a class, who were employed by Defendants during the three (3) years preceding the filing of this Complaint. Plaintiff and the class seek damages for unpaid overtime compensation for herself and those similarly situated who have worked for Defendants as CNAs at any time within the three (3) years preceding the filing of this lawsuit. These unpaid overtime wage claims of Plaintiff and those similarly situated are unified through a common theory of Defendants' FLSA violations.

## II. JURISDICTION AND VENUE

2.   This Court has original jurisdiction over this action under 29 U.S.C. §§ 201, *et seq.*, 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3.   Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Defendants have conducted business within this district during all relevant periods to this action and, Plaintiff was employed by Defendants in this district at all times material.

## III. PARTIES

4.   Defendant Springhouse Village of Collierville, LLC is a Missouri limited liability company with its corporate headquarters located at 1240 E. Independence #200, Springfield, Missouri 65804. According to the Missouri Secretary of State, Defendant Springhouse Village of Collierville, LLC may be served via its registered agent, John Doulgas Foster, Sr., at 1240 E. Independence, Suite 200, Springfield,

Missouri 65804.

5.     Defendant Springhouse Village of Springfield, LLC is a Missouri limited liability company with its corporate headquarters located at 1240 E. Independence #200, Springfield, Missouri 65804. According to the Missouri Secretary of State, Defendant Springhouse Village of Springfield, LLC may be served via its registered agent, John D. Foster, at 1615A S. Ingram Mill Road, Springfield, Missouri 65804

6.     Defendant Springhouse Village of Fayetteville, LLC is a Missouri limited liability company with its corporate headquarters located at 1240 E. Independence #200, Springfield, Missouri 65804. 1366 S. Farm Road 193. According to the Missouri Secretary of State, Defendant Springhouse Village of Fayetteville, LLC may be served via its registered agent, John Douglas Foster, Sr., at 1366 S. Farm Road 193 Springfield, Missouri 65809.

7.     Defendant Springhouse Village East, LLC is a Missouri limited liability company with corporate headquarters located at 1240 E. Independence #200, Springfield, Missouri 65804. According to the Missouri Secretary of State, Defendant Springhouse Village East, LLC may be served via its registered agent, John Douglas Foster, Sr., at 1615A S. Ingram Mill Road, Springfield, Missouri 65804.

8.     Defendants constitute an integrated enterprise because their related business activities are performed through a unified operation of common control for a common purpose, as defined in the FLSA.

9.     Plaintiff Nedra King-Casey was employed by Defendants as a CNA within this district during the three (3) year period immediately preceding the filing of this

Complaint. Plaintiff's Consent to Join this collective action is attached hereto as *Exhibit A*.

## IV. <u>FACTUAL BASIS FOR SUIT</u>

10.  Defendants own and operate active living communities that provide care to Alzheimer and dementia residents. Defendants have assisted and memory care facilities in Collierville, Tennessee; Fayetteville, Arkansas and Springfield, Missouri.

11.  Plaintiff King-Casey and class members were employed as hourly-paid CNAs by Defendants during the three (3) year period preceding the filing of this complaint.

12.  Plaintiff and class members sometimes worked forty (40) or more hours per week for Defendants during the three (3) year period preceding the filing of this collective action.

13.  Defendants have been the "employers" of Plaintiff and class members within the meaning of 29 U.S.C, § 203(d) and § 203(r) at all times material to this action.

14.  Plaintiff and class members have been "employees" of Defendants as defined by Section 203(e)(1) of the FLSA, and worked for Defendants within the territory of the United States within the three (3) year period preceding the filing of this Collective Action.

15.  At all times material, Defendants have been an enterprise engaged in commerce and production of goods for commerce as defined by section 203(s)(1) of the FLSA with annual revenues in excess of $500,000.00. Plaintiff and class members also have engaged in commerce and the production of goods for commerce during the applicable statutory period.

16.    Defendants have had a centralized time keeping system in which Plaintiff and class members were required to "clock-in" and "clock-out" for the purpose of recording their compensable time during all times material to this Complaint.

17.    Defendants have had a common plan, policy and practice of requiring Plaintiff and class members to "clock-out" of its time keeping system during each shift for a 30-minute unpaid meal period whether or not they were relieved from their job duties and/or, performed job duties, during such meal period time.

18.     Given the job duties and responsibilities of Plaintiff and class members, they were not fully relieved of their job duties and responsibilities and/or, performed job duties, during such 30-minute unpaid meal periods in which they were not "clocked-in" to Defendants' time keeping system and, during which time they were not compensated at the applicable FLSA overtime compensation rate of pay for such times within weekly pay periods at all times material to this collective action.

19.    Plaintiff and class members complained to Defendants about not being compensated for such 30-minute unpaid meal periods during which times they were not fully relieved of their job duties and/or, performed job duties, within weekly pay periods at all times material to this Collective Action.

20.    Nonetheless, Defendants failed to "edit-in" the uncompensated meal breaks times of Plaintiff and class members into their time keeping system or, otherwise compensate them for such unpaid meal times when they were not fully relieved of their job duties and/or, performed job duties, during such unpaid meal break times.

21.   Defendants did not have a plan, policy, or practice that prohibited Plaintiff and class members from performing work during such 30-minute unpaid meal breaks or a system and process by which they could be relieved of their job duties during such unpaid meal break times.

22.   Defendants did not provide Plaintiff and class members with some type of log or document on which to record the time that they were not relieved from their job duties, and/or performed job duties, during such 30-minute unpaid meal breaks.

23.   The unpaid meal period claims of Plaintiff and those similarly situated are unified through a common theory of Defendants' FLSA violations.

24.   Defendants knew and were aware they were not compensating Plaintiff and class members for the time they were not relieved of their job duties and/or, performed job duties, during such 30-minute unpaid meal periods within weekly pay periods at all times material -- at the applicable FLSA overtime rates of pay for such meal break times.

25.   Defendants' common plan, policy and practice of not compensating Plaintiff and those similarly situated for all their compensable overtime hours at the applicable FLSA overtime rates of pay violated the provisions of the FLSA, 29 U.S.C. § 207(a)(1).

26.   Defendants' failure to compensate Plaintiff and those similarly situated for 30-minute unpaid meal periods was willful and without a good faith basis for such conduct.

27.   As a result of Defendants' lack of good faith and willful failure to pay Plaintiff and

those similarly situated in compliance with the requirements of the FLSA, Plaintiff and class members have suffered lost wages in terms of lost overtime compensation as well as other damages.

28.    The net effect of Defendants' common plan, policy, and practice of failing to pay Plaintiff and those similarly situated one-and-one-half (1.5) times their regular hourly rates of pay for all hours worked over forty (40) within weekly pay periods during all times material to this collective action they unjustly enriched themselves and enjoyed ill-gained profits at the expense of Plaintiff and class members.

## V. FLSA COLLECTIVE ACTION ALLEGATIONS

29.    Plaintiff brings this case as a collective action on behalf herself and class members pursuant to 29 U.S.C. § 216(b) to recover unpaid overtime compensation, liquidated damages, statutory penalties, attorneys' fees and costs, and other damages owed to them by Defendants.

30.    The proposed collective class of similarly situated persons is defined as:

> All current and former hourly-paid CNAs employed by Defendants who were not fully relieved of their job duties and/or, performed job duties, during unpaid meal periods without being compensated for such times at one and-one half times their regular hourly rates of pay for all hours worked in excess of 40 hour per week, occurring anywhere in the United States within weekly pay periods during the three (3) years preceding the filing of this action.[1] ("Class Members")

31.    Plaintiff seeks to pursue her unpaid overtime wage claims against Defendants on behalf of herself, individually, and on behalf of herself and all other CNAs as a class.

---

[1] Plaintiff reserves the right to amend the Class Description upon the discovery of additional facts.

32.   Plaintiff and class members are "similarly situated" as the term is defined in 29 U.S.C. §216(b) because, *inter alia*, Defendants employed a common pay system that resulted in a failure to pay Plaintiff and class members for all hours worked over forty (40) at one-and-one-half (1.5) times their regular hourly rates of pay, as required by the FLSA.

33.   This action is properly maintained as a collective action because Plaintiff is similarly situated to the members of the collective class with respect to Defendants' time keeping and compensation plans, policies and practices.

34.   The collective action mechanism is superior to other available methods for a fair and efficient adjudication of this controversy. Defendants have acted or refused to act on grounds generally applicable to class members. The prosecution of separate actions could create a risk of inconsistent and varying adjudications, place a substantial and unnecessary burden on the courts and/or substantially impair the ability of class members to protect their interests.

35.   Plaintiff will fairly and adequately protect the interests of the class as her interests are in complete alignment with those of class members, i.e. to pursue their aforementioned unpaid overtime compensation claims

36.   Counsel for Plaintiff will adequately protect her interests as well as the interests of all putative class members.

37.   Defendants knew Plaintiff and class members were not fully relieved of their job duties and/or, performed job duties, during unpaid meal periods that resulted in excess of forty (40) hours per week within weekly pay periods at all times material,

that required overtime compensation to be paid at the applicable FLSA overtime rates of pay.

38. Nonetheless, Defendants operated under a common plan, policy and practice to deprive Plaintiff and class members of such overtime compensation.

39. Defendants' conduct, as alleged herein, was willful with reckless disregard to the rights of Plaintiff and class members, which conduct caused significant damage to them.

40. Defendants did not have a good faith basis for its failure to compensate Plaintiff and class members for all their compensable overtime hours at the applicable FLSA overtime rates of pay within weekly pay periods during all times material to this action.

41. Therefore, Defendants are liable to Plaintiff and class members under the FLSA for failing to properly compensate them for their aforementioned unpaid overtime pay.

42. Plaintiff requests this Court to authorize notice to the members of the collective class to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid overtime compensation as well as liquidated damages under the FLSA, and the other relief requested herein.

43. Plaintiff estimates there are more than fifty (50) members in the collective class. The precise number of collective class members can be easily ascertained by examining Defendants' payroll, scheduling, timekeeping, personnel and other work-related records and documents. Given the composition and size of the class, members of

the collective class may be informed of the pendency of this action directly via U.S. mail, e-mail and by posting notice in all of Defendants' assisted living and memory care facilities.

44. Plaintiff and class members' unpaid overtime compensation claims may be determined partially by an examination of Defendants' payroll, scheduling, time keeping, personnel and other such work-related records and documents.

## <u>COUNT I</u>
**(Violation of the Fair Labor Standards Act)**

45. Plaintiff incorporates by reference all preceding paragraphs as fully as if written herein.

46. At all times material, Plaintiff and class members have been entitled to the rights, protections, and benefits provided under 29 U.S.C. § 201, *et seq*.

47.  Defendants have been an "employer" engaged in interstate commerce consistent with 29 U.S.C. § 206(a) and 207(a). Plaintiff and class members also have engaged in interstate commerce during all times material to this action.

48. At all times material, Defendants were "employers" of Plaintiff and each of the class members, as such term is defined by the FLSA.

49. Plaintiff and class members were "employees" of Defendants within the meaning of the FLSA's overtime wage requirements.

50. Plaintiff and other class members have been similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 216(b) at all relevant times, as previously described.

51. As a result of Defendants' common plan, policy and practice of requiring Plaintiff

and class members to "clock-out" of their time keeping system while not being fully relieved of their job duties and/or, performing job duties, during such unpaid meal periods -- resulting in such time being in excess of forty (40) hours per week without compensating them for all such overtime hours at one and one-half times their regular rates of pay during such weeks -- Defendants have violated the FLSA and are liable to them for such unpaid overtime.

52.   Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half (1.5) times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week. Pursuant to 29 C.F.R. § 778.315, compensation for hours worked in excess of forty (40) hours per week may not be considered paid to an employee unless that employee is compensated for all such overtime hours worked.

53.   Through its actions, plans, policies and practices Defendants have violated the FLSA by regularly and repeatedly failing to compensate Plaintiff and class members for all hours worked in excess of forty (40) per week at one-and-one-half (1.5) times their regular hourly rates of pay within weekly pay periods during all times material to this Complaint, as required by the FLSA.

54.   Defendants' actions were willful with reckless disregard of clearly applicable FLSA provisions.

55.   Defendants' actions were not in good faith.

56.   The unpaid overtime claims of Plaintiff and the class are unified through a common theory of Defendants' FLSA violations.

57.     As a direct and proximate cause of Defendants' unlawful conduct, Plaintiff and class members have suffered and will continue to suffer a loss of income and other damages.

58.     Defendants are liable to Plaintiff and class members for actual damages, liquidated damages and equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs and expenses.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and class members request the Court to enter judgment in their favor on this Complaint and:

a)     Award Plaintiff and class members FLSA statutory damages against Defendants;

b)     Award Plaintiff and class members all unpaid overtime compensation against Defendants;

c)     Award Plaintiff and class members their unpaid overtime compensation, pursuant to the applicable FLSA wage and overtime rates;

d)     Find and declare that Defendants' violations of the FLSA were willful, and accordingly, the three (3) year statute of limitations under the FLSA applies to this action;

e)     Award Plaintiff and members of the collective class liquidated damages in accordance with the FLSA;

f)     Award prejudgment interest (to the extent that liquidated damages are not awarded);

g)     Award Plaintiff and the collective class reasonable attorneys' fees and all costs of

this action, to be paid by Defendants, in accordance with the FLSA;

h)    Award post-judgment interest and court costs as allowed by law;

i)    Enter an Order designating this action as an opt-in collective action under the FLSA;

j)    Enter an Order directing the issuance of notice to putative class members pursuant to 29 U.S.C. § 216(b) for the claims of the class;

k)    Allow Plaintiff to amend her Complaint, if necessary, as new facts are discovered;

l)    Provide additional general and equitable relief to which Plaintiff and the class may be entitled; and

m)    Provide further relief as the Court deems just and equitable.

Plaintiff hereby demands a **TRIAL BY JURY** as to all issues.

Dated: February 19, 2020.          Respectfully Submitted,

*s/Gordon E. Jackson*
Gordon E. Jackson (TN BPR #8323)
J. Russ Bryant (TN BPR #33830)
Robert E. Turner, IV (TN BPR #35364)
Nathaniel A. Bishop (TN BPR #35944)
**JACKSON, SHIELDS, YEISER, HOLT, OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*gjackson@jsyc.com*
*rbryant@jsyc.com*
*rturner@jsyc.com*
*nbishop@jsyc.com*

***ATTORNEYS FOR PLAINTIFF
AND OTHERS SIMILARLY SITUATED***